IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| | |
|---|---|
| ROBERT J. RACINE, ) | |
| ) | |
| Plaintiff, ) | Cause No.: 3:20-cv-114 |
| ) | |
| vs. ) | |
| ) | |
| WORLD FINANCE COMPANY OF ) | |
| INDIANA, LLC and WORLD ) | |
| ACCEPTANCE CORPORATION, ) | |
| ) | |
| Defendant. ) | |

COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

Plaintiff, Robert J. Racine, by counsel, and as his Complaint for Damages against Defendant, states as follows:

PARTIES, JURISDICTION AND VENUE

1. Plaintiff, Robert J. Racine (hereinafter "Plaintiff" or "Racine"), is a resident of Vanderburg County in the State of Indiana and a former employee of Defendant.

2. Defendant, World Finance Company of Indiana, LLC and World Acceptance Corporation (hereinafter collectively "World Finance Company" or "Defendant"), is an employer as defined by the Americans with Disabilities Act, as amended 42 U.S.C. §12101, and the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et. seq.*, which conducts business in the State of Indiana.

3. Racine filed a Charge of Discrimination (Charge No. 470-2019-00027) with the Equal Employment Opportunity Commission on or about December 16, 2019, *inter alia*, alleging that

Defendant violated the Americans with Disabilities Act, as amended 42 U.S.C. §12101, and the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et. seq*.

4. The Equal Employment Opportunity Commission issued to Racine a 90-day Right to Sue letter on March 11, 2020.

5. Racine invokes this Court's federal question jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(a).

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391.

GENERAL FACTS & SPECIFIC ALLEGATIONS

7. Plaintiff, a seventy-one (71) year old who had suffered two strokes and had a disability related to his strokes, cardiovascular disease, and severe sleep apnea, worked for the Defendant as a Branch Manager since August of 2012.

8. Throughout the last two (2) years of Plaintiff's employment, his supervisor, Tarry Booker, harassed and discriminated against Plaintiff by making comments related to his age, health, disability and/or use of family medical leave.

9. In March 2019, Racine suffered a stroke and had a heart procedure.

10. On or about September 20, 2019, Racine was placed on a 90-day performance improvement plan for alleged performance issues.

11. Over the next seventy-one (71) days, Plaintiff was given no input or reviews but did lead his department through an internal audit that went very well.

12. On December 2, 2019, Defendant terminated Plaintiff's employment and replaced him with a younger female employee.

## Count I
## Age Discrimination

13. Plaintiff incorporates by reference Paragraphs one (1) through twelve (12) above.

14. Plaintiff, a seventy-one (71) year old male is over the age of forty and thus a member of a protected class.

15. Plaintiff met all of Defendant's legitimate performance expectations.

16. Defendant discriminated against Plaintiff on the basis of his age when it terminated his employment and replaced him with a younger employee.

17. Plaintiff was treated less favorably than the younger employees who replaced him, first upon his return from FMLA and secondly when he was terminated.

18. Racine's age was the motivating factor in Defendant's decision to terminate his employment.

19. Defendant terminated Plaintiff's employment because of his age.

20. As a result of the foregoing, Racine suffered damages, including but not limited to, lost wages and benefits, liquidated damages and attorney fees.

21. The Defendant's actions are in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §621, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, liquidated damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

## II
## Disability

22. Plaintiff incorporates by reference paragraphs one (1) through twenty-one (21) above.

23. Plaintiff suffers from disabilities and/or perceived disabilities that affect one or more of his major life activities, specifically Plaintiff suffered two strokes and has cardiovascular disease.

24. Plaintiff was able to perform all of the essential functions of his original job with or without reasonable accommodation.

25. Rather than accommodate Plaintiff, Defendant terminated his employment because of his disability(ies) and/or perceived disability(ies).

26. Plaintiff was treated less favorably than similarly situated non-disabled employees who were not terminated.

27. As a result of the foregoing, Racine suffered damages, including but not limited to, lost wages and benefits, liquidated damages and attorney fees.

28. The Defendant's actions are in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §12101, *et. sec.*

WHEREFORE, Plaintiff prays for judgment against Defendant, an award for unpaid wages, compensatory damages, punitive damages, back pay, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

### Count III
### FMLA

29. Plaintiff incorporates by reference paragraphs one (1) through twenty-eight (28) above.

30. During his employment with Defendant, Plaintiff utilized approved Family Medical Leave to seek treatment following a stroke.

31. Upon his return from Family Medical Leave, Plaintiff suffered an adverse employment action when Defendant failed to return him to his former position, gave his bonuses to another employee, and then terminated his employment.

32. Plaintiff:

    A. Was treated less favorably than employees who had not requested or were not in need of leave under the FMLA; or

    B. Suffered an adverse employment decision because of his request or need for leave under the FMLA; or

    C. Suffered an adverse employment decision for taking leave under the FMLA and because of his perceived need for leave under the FMLA.

33. As a result, Plaintiff has sustained damages including, but not limited to, lost pay and benefits, liquidated damages, attorney fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, for an award of back pay, job reinstatement, liquidated damages, prejudgment interest, reasonable attorney fees, costs and all other appropriate relief.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE

/s/ Paul J. Cummings
Paul J. Cummings, 22714-41

## REQUEST FOR JURY TRIAL

Plaintiff, by counsel, respectfully requests this cause be tried by jury.

Respectfully submitted,

HENN HAWORTH CUMMINGS & PAGE


<u>/s/ Paul J. Cummings</u>
Paul J. Cummings, 22713-41



HENN HAWORTH CUMMINGS & PAGE
1634 W Smith Valley Road, Ste. B
Greenwood, IN  46143
(317) 885-0041;
(888) 308-6503 Fax